UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA,      )
              )
     Plaintiff,      )      No. 6:17-CR-26-GFVT-HAI-3
              )
v.             )
              )      RECOMMENDED DISPOSITION
MICHAEL K. LANTOS      )
              )
     Defendant,      )

*** *** *** ***

On referral from District Judge Van Tatenhove (D.E. 270), the Court considers reported violations of supervised release conditions by Defendant Michael K. Lantos.

**I.**

District Judge Van Tatenhove entered Judgment against Defendant on May 4, 2018, on Defendant's plea to one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. 922(g)(1). D.E. 71 (plea agreement); D.E. 115 (Judgment). Defendant was sentenced to eighty-six months of imprisonment followed by a three-year term of supervised release. *Id*. Defendant was released to begin his period of supervised release on August 1, 2024.

**II.**

On April 25, 2025, the United States Probation Office (the "USPO") issued the Supervised Release Violation Report ("the Report") that initiated these proceedings. The Report charges Defendant with two violations. Violation #1 alleges that Defendant failed to report to his probation officer, despite several instructions to do so over the course of two months. This alleged conduct violates Standard Conditions #2 and #13 of Defendant's conditions of release, which require him to report to his probation officer and follow the instructions of his probation officer related to the

1

conditions of supervision.  Violation #2 alleges that Defendant was unsuccessfully discharged from Bouncing Back Counseling due to nonparticipation, in violation of Special Condition #2 of his conditions of release, which requires Defendant to participate in a substance abuse treatment program.  Both Violations #1 and #2 are Grade C violations.

On February 4, 2026, the USPO issued an addendum to the Report, detailing a third violation.  Violation #3 alleges that Defendant was convicted of operating a motor vehicle under the influence of a controlled substance, possession of a controlled substance in the second degree, and failure to maintain insurance by the Laurel District Court.  *See Com. v. Lantos*, 25-F-00198 (Laurel Dist. Ct. May 27, 2025).  These are misdemeanor convictions under Kentucky law.  Mandatory Condition #1 of Defendant's conditions of release prohibit the commission of another federal, state, or local crime.  This conduct is a Grade C violation.[1]

The Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on February 4, 2026.  D.E. 275.  During the hearing, Defendant made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing.  *Id*.  At that time, the United States made an oral motion for detention; Defendant did not argue for release.  *Id*.

At the final hearing on February 20, 2026, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583.  D.E. 276.  Defendant waived a formal hearing and stipulated to the violations set forth in the Report and its addendum.  *Id*.  The Court found Defendant to be competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and

---

[1] At the outset of the final supervised release hearing (D.E. 276), the Court sought clarification from counsel regarding the nature of Defendant's stipulation.  Violation #3 alleges Defendant was charged with possession of a controlled substance (methamphetamine) in the first degree, which is a Class D felony under Kentucky law.  Ky. Rev. Stat. Ann. 218A.1415(2).  If Defendant were to stipulate to the commission of felonious conduct, Violation #3 would be considered a Grade B violation, which would increase his potential term of imprisonment upon revocation.  Defense counsel and counsel for the government agreed that Defendant's stipulation as to Violation #3 only applied to his convictions, all of which were misdemeanors.  Accordingly, Violation #3 is a Grade C violation.

2

intelligently made.  *Id*.  The Court also found the stipulation to be consistent with the advice of Defendant's counsel.  *Id*.

The Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release."  18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release.").  Defendant's stipulation permits the Court to find that he engaged in conduct that is a Grade C violation under the Guidelines.  *See* U.S. Sent'g Guidelines Manal § 7B1.1(a)(3) (U.S. Sent'g Comm'n 2023).

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration imposed due to the violation.  *See* 18 U.S.C. §3583(b) & (h). Defendant's conviction carries a maximum period of thirty-six months of supervised release less any term of imprisonment imposed.  *See* 18 U.S.C. § 3583(h).

**I.**

Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction.  Defendant was originally convicted of the Class C felony possessing a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year under 18 U.S.C. 922(g)(1).  *See* 18 U.S.C. 924(a)(8); 18 U.S.C § 3559(a)(3).  His conviction carries a twenty-four-month maximum period of incarceration upon revocation pursuant to 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of sentencing) and the "grade" of the particular violation proven.  *See United States v. Perez-Arellano*, 212 F. App'x 436,

438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (internal citation omitted). The Guidelines also instruct that, "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S. Sent'g Guidelines Manual § 7B1.1(b) (U.S. Sent'g Comm'n 2023).

Under U.S.S.G. § 7B1.1(a), Defendant's admitted conduct qualifies as a Grade C violation with respect to all three violations. Given Defendant's criminal history of VI (the category at the time of his conviction in this District) and Grade C violation, Defendant's range, under the Revocation Table of Chapter 7, is eight to fourteen months. Consistent with the guidance of appellate courts, this Court takes the Guidelines-recommended sentence as its starting point and has remained cognizant of it in forming its recommended revocation sentence. *E.g., Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).

## II.

At the final hearing, the government argued for revocation with a sentence of imprisonment of twelve months and one day. Defense counsel argued that Defendant should be sentenced to a term of imprisonment of eight months. Both sides agreed that, following his term of imprisonment, Defendant should be sentenced to twenty-three months of supervised release. Both sides also agreed that, after release from imprisonment, Defendant should be immediately enrolled in an inpatient treatment facility for the first ninety days of his term of supervised release.

In support of its recommended sentence of imprisonment, the government explained that Defendant's complete refusal to participate in supervised release prevented it from recommending

a term of imprisonment at the low end of the Guideline range.  While the government recognized Defendant's willingness to admit to the conduct at issue and acknowledged that this was Defendant's first supervised release violation in this case, it noted that this refusal to participate in supervised release was consistent with Defendant's prior criminal activity.  The government discussed how Defendant's lengthy criminal history includes a number of instances of fleeing and evading law enforcement, violating probation, and being held in contempt for refusal to comply with court orders.  The government contended a mid-Guidelines range term is necessary as specific deterrence given Defendant's poor history on release.  Recognizing substance abuse's recurring role in Defendant's criminal history, the government argued that immediate enrollment in an inpatient substance abuse treatment facility would help Defendant succeed during his future period of supervised release.

Defense counsel agreed with the government's recommendation as to immediate enrollment into a treatment facility at the outset of Defendant's supervised release period, stating that Defendant specifically requested inpatient treatment.  In support of the request, defense counsel pointed to the letter attached to the Report concerning Defendant's discharge from Bouncing Back Counseling, which stated "[a]t this time, Mr. Lantos may need a higher level of care for individual treatment."   While defense counsel agreed that twenty-three months would be an appropriate length of time for supervised release following Defendant's term of imprisonment, counsel argued that Defendant should only be sentenced to an eight-month period of imprisonment.  In support of his recommended sentence, counsel noted that this was Defendant's first violation.  He acknowledged Defendant's breach of trust, but focused on the impact that drug addiction has had throughout Defendant's life.

**III.**

The Court has reviewed the entire record, including the Report, its addendum, and its accompanying documents, as well as Defendant's underlying judgment and sentencing materials. The Court has also considered all of the 18 U.S.C. § 3553(a) factors imported into the § 3583(e) analysis. Through that consideration, the Court recommends that Defendant's supervision be revoked and that he be sentenced to a term of imprisonment of twelve months and one day followed by a twenty-three-month term of supervised release. The Court further recommends that, upon release from imprisonment, Defendant be immediately enrolled in an inpatient substance abuse treatment program for the first ninety days of his supervised release period.

In analyzing the 18 U.S.C. § 3553(a) factors, the Court first considers the nature and circumstances of the underlying offense, the need to deter criminal conduct, and the need to protect the public. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (explaining that the nature and circumstances sentencing factor focuses upon the original offense rather than the violations of supervised release). Defendant's violations are not directly related to his underlying conviction. His actions do, however, demonstrate a continued propensity for illegal conduct that necessitates revocation for the purposes of deterrence and protecting the community.

The Court next considers Defendant's history and characteristics. Defendant's behavior while on supervision in this case is consistent with his criminal history. Over the thirty years in which he engaged in criminal conduct, Defendant demonstrated a stubborn attitude towards the law, what it means, and his obligation to comply with it. His prior criminal activity involves probation violations, failures to appear in court resulting in bench warrants, and frequent refusals to follow judicially imposed requirements (such as driving with a suspended license). At the time of sentencing, Defendant was in Criminal History Category VI, the highest criminal history

6

category.  His record is replete with controlled substance violations, despite numerous instances of judicial and law enforcement intervention.

Another factor focuses on opportunities for education and treatment.  Notably, Defendant's criminal history is intertwined with substance use.  His Pre-Sentence Report, as well as the conduct at issue in Violation #3, demonstrate a continued issue with controlled substances.  Accordingly, immediate inpatient enrollment in a substance abuse treatment facility upon release from his period of imprisonment is necessary to ensure future compliance with the law and provide Defendant with adequate treatment.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender.  The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.").  The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e).  Defendant's breach of trust in this case is aggravating.  His actions were blatant violations of the basic terms of his supervision.  His violations were consistent with the repeated behavior shown in his criminal history.  Based on his record, Defendant is clearly familiar with the criminal justice system and what the law requires of him. The severity of the breach of trust necessitates a mid-Guidelines sentence, even though these are Defendant's first supervised release violations and he admitted to the conduct.

The Court must consider the need to avoid unwarranted sentencing disparities.  Here, this goal is met by sentencing Defendant to a within-Guidelines term of imprisonment for his revocation conduct.  While Defendant's criminal history, his blatant violations, and the fact that

the original charges described in Violation #3 include felonious conduct consistent with a Grade B violation, could justify a higher sentence in this case, the undersigned believes a mid-Guidelines sentence of twelve months and one day is the minimum period of time necessary to address the sentencing factors.

In fashioning its recommended sentence, the Court must consider whether an additional term of supervised release is warranted. In this case, the Court agrees with the government and Defendant that additional supervision is necessary. As previously discussed, immediate enrollment in an inpatient facility could allow Defendant to be much more successful in treatment. Further, Defendant's lengthy criminal history and propensity for substance abuse necessitate continued supervision to ensure future compliance with the law.

For the reasons discussed herein and during the final hearing, the Court finds that twelve months and one day of incarceration followed by twenty-three months of supervised release is sufficient, but not greater than necessary, to address the incorporated sentencing factors.

## V.

Based on Defendant's admitted conduct, and in consideration of the factors discussed above, the Court **RECOMMENDS:**

(1)     Defendant be found guilty of the violations.

(2)     Revocation and imprisonment for a term of twelve months and one day.

(3)     Imposition of a twenty-three-month term of supervised release.

(4)     Defendant be immediately enrolled in an inpatient substance abuse treatment program upon his release from prison for the first ninety days of his supervised release period.

8

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within **fourteen days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on the District Judge's docket upon submission. If Defendant chooses to waive allocution, he **SHALL** do so on or before the deadline for filing objections.

This the 27th day of February, 2026.

Signed By:
Hanly A. Ingram
United States Magistrate Judge

9